Jacqueline Voronov, Esq. (Atty No. 024262006)
HALL BOOTH SMITH, P.C.
15 E. Midland Avenue, Suite 3A
Paramus, New Jersey 07677
Telephone: 201.221.7014
Facsimile: 201.730.6254
Email: jvoronov@hallboothsmith.com
*Attorneys for Defendants, Goldcrest Properties, LLC, Cedar Brook NJ, LLC, Hillel Hertz, Mark Hirsch, Rouey Malul and Jay Fischer*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTYL MILLER<br><br>               Plaintiff,<br><br>       v.<br><br>GOLDCREST PROPERTIES, LLC. et al.<br><br>           Defendants | CIVIL ACTION<br><br>Civil Action No.: 22:cv-04777<br><br>**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants, GOLDCREST PROPERTIES, LLC, CEDAR BROOK NJ, LLC, HILLEL HERTZ, MARK HIRSCH, ROUEY MALUL and JAY FISCHER, ("Defendants"), by and through their attorneys, HALL BOOTH SMITH, P.C., as and for their Answer to the Amended Complaint filed by Plaintiff, Kristyl Miller ("Plaintiff"), hereby responds as follows:

## I. INTRODUCTION

1.     The allegations set forth in Paragraph 1 of the Amended Complaint merely state the nature of Plaintiff's claims and require no substantive response. To the extent a substantive response is required, all allegations are denied.

## II.  JURISDICTION AND VENUE

2.      The allegations set forth in Paragraph 2 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent that a substantive response is required, Defendants admit only that Plaintiff seeks to invoke the jurisdiction of this Court, the remaining allegations are denied.

3.      The allegations set forth in Paragraph 3 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent that a substantive response is required, Defendants admit only that Plaintiff seeks to invoke the jurisdiction of this Court, the remaining allegations are denied.

4.      The allegations set forth in Paragraph 4 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent that a substantive response is required, Defendants admit only that Plaintiff asserts venue in the United States District Court for the District of New Jersey, the remaining allegations are denied.

5.      [Paragraph 5 does not exist in Plaintiff's Amended Complaint.]

6.      Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Amended Complaint.

## III.  PARTIES

7.      Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 6 of the Amended Complaint as if same were fully set forth at length herein.

8.      The allegations set forth in Paragraph 8 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required,

Defendants admit that Plaintiff is an adult individual but lack information sufficient form a belief as to the truth or falsity of Plaintiff's address.

9.      Defendants admit the allegations set forth in Paragraph 9 of the Amended Complaint.

10.     Defendants admit the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12.     Defendants admit that Defendant Hertz is the CEO of Goldcrest Properties and deny the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendants admit that Defendant Hirsh is a Principal of Goldcrest Properties and deny the remaining allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Defendants admit only that Defendant Malul is a manager of Cedar Brook and deny the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Defendants admit only that Defendant Fisher is a manager of Cedar Brook and deny the remaining allegations set forth in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

## IV.  FACTUAL BACKGROUND

18.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 17 of the Amended Complaint as if same were fully set forth at length herein.

19.    The allegations set forth in Paragraph 19 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

20.    The allegations set forth in Paragraph 20 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

21.    Defendants admit that Plaintiff began working for Defendants on or about January 21, 2020 but deny the remaining allegations of Paragraph 21 of the Amended Complaint.

22.    Defendants admit only that Plaintiff was originally hired as a Leasing Agent and was promoted to Assistant Property Manager but deny the remaining allegations of Paragraph 22 of the Amended Complaint.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24.    Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Amended Complaint as the term "all of Defendants' management" is not defined and it is not clear who Plaintiff is referring to.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Amended Complaint.

38.    Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.    Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.    Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.    Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.    Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

43.    The allegations set forth in Paragraph 43 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

44.    Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45.    Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46.    Defendants admit only that Plaintiff took a few days off of work in 2021 and deny the remaining allegations set forth in Paragraph 46 of the Amended Complaint.

47.    The allegations set forth in Paragraph 47 of the Amended Complaint constitute a legal conclusion to which no answer is required. To the extent a substantive response is required, Defendants deny all allegations.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Amended Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.    Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.    The allegations set forth in Paragraph 54 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

55.    The allegations set forth in Paragraph 55 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

56.     Defendants admit only that Plaintiff was granted FMLA leave but deny the remaining allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Amended Complaint.

**First Cause of Action**
**Violations of the Americans With Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination [2] Retaliation**
**And [3] Failure to Accommodate)**
**Against Defendants Goldcrest and Cedar Brook**

72.     Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 71 of the Amended Complaint as if same were fully set forth at length herein.

73.     The allegations set forth in Paragraph 73 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint.

78.     The allegations set forth in Paragraph 78 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Second Cause of Action**
**Violations of the Conscientious Employee Protection Act ("CEPA")**
**N.J.S.A. 34:19-1 et seq.**
**(Retaliation/Wrongful Termination)**
**Against All Defendants**

79.     Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 78 of the Amended Complaint as if same were fully set forth at length herein.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.     The allegations set forth in Paragraph 81 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Third Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**Against Defendants Cedar Brook and Goldcrest**

82.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 81 of the Amended Complaint as if same were fully set forth at length herein.

83.    The allegations set forth in Paragraph 83 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

84.    Defendants deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.    Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.    Defendants deny the allegations set forth in Paragraph 86 of the Amended Complaint.

87.    Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 88 of the Amended Complaint.

89.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 89 of the Amended Complaint.

90.    Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     The allegations set forth in Paragraph 91 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Fourth Cause of Action**
**Violations of 42 U.S.C. Section 1981**
**([1] Race; [2] Retaliation; and [3] Hostile Work Environment)**
**Against All Defendants**

92.     Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 91 of the Amended Complaint as if same were fully set forth at length herein.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.     The allegations set forth in Paragraph 97 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Fifth Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race and/or National Origin Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**Against Defendants Cedar Brook and Goldcrest**

98.     Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 97 of the Amended Complaint as if same were fully set forth at length herein.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100.     The allegations set forth in Paragraph 100 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Sixth Cause of Action**
**Violations of Americans with Disabilities Act ("ADA")**
**([1] Associational Disability Discrimination; [2] Hostile Work Environment)**
**Against Defendants Cedar Brook and Goldcrest**

101.     Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 100 of the Amended Complaint as if same were fully set forth at length herein.

102.     The allegations set forth in Paragraph 102 of the Amended Complaint are not directed to Defendants, therefore, no response is required.  To the extent a substantive response is required Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations.

103.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Amended Complaint.

107.    The allegations set forth in Paragraph 107 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Seventh Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Hostile Work Environment)**
**Against Defendants Cedar Brook and Goldcrest**

108.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 107 of the Amended Complaint as if same were fully set forth at length herein.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Amended Complaint.

112.    The allegations set forth in Paragraph 112 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

**Eighth Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJLAD")**
**([1] Race and/or National Origin Discrimination; [2] Retaliation; and [3] Hostile Work**
**Environment)**
**Against All Defendants**

113.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 112 of the Amended Complaint as if same were fully set forth at length herein.

114.    The allegations set forth in Paragraph 114 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

115.    Defendants deny the allegations set forth in Paragraph 115 of the Amended Complaint.

**Ninth Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJLAD")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure**
**to Accommodate)**
**Against All Defendants**

116.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 115 of the Amended Complaint as if same were fully set forth at length herein.

117.    The allegations set forth in Paragraph 117 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

118.    Defendants deny the allegations set forth in Paragraph 118 of the Amended Complaint.

**Tenth Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJLAD")**
**([1] Associational Disability Discrimination; [2] Hostile Work Environment)**
**Against All Defendants**

119.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 118 of the Amended Complaint as if same were fully set forth at length herein.

120.    The allegations set forth in Paragraph 120 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

121.    Defendants deny the allegations set forth in Paragraph 121 of the Amended Complaint.

**Eleventh Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJLAD")**
**([1] Gender Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**Against All Defendants**

122.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 121 of the Amended Complaint as if same were fully set forth at length herein.

123.    The allegations set forth in Paragraph 123 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint.

**Twelfth Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Religious Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**Against Defendants Cedar Brook and Goldcrest**

125.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 124 of the Amended Complaint as if same were fully set forth at length herein.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint.

128.    The allegations set forth in Paragraph 128 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leaves Plaintiff to her proofs at the time of trial.

**Thirteenth Cause of Action**
**Violations of New Jersey Law Against Discrimination ("NJLAD")**
**([1] Religious Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**Against All Defendants**

129.    Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs 1 through 128 of the Amended Complaint as if same were fully set forth at length herein.

130.    The allegations set forth in Paragraph 130 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations and leave Plaintiff to her proofs at the time of trial.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing the Plaintiff's Amended Complaint, with prejudice and without costs, together with attorneys' fees and costs of suit, and such other and further relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, in whole or in part, fails to state facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By and through Plaintiff's own conduct, Plaintiff is estopped from asserting the alleged causes of action against the Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee and Plaintiff's employment could be terminated by Defendants for any reason and at any time, with or without notice.

## FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's state law claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are speculative and cannot be shown to exist in fact.

## SIXTH AFFIRMATIVE DEFENSE

Defendants never had any actual or constructive notice or knowledge of any harassing or discriminatory behavior.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every purported claim for relief asserted against Defendants are barred by the doctrines of laches, unclean hands, waiver, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award of compensatory damages, punitive damages, interest, attorney's fees, costs of suit, equitable relief, or any other relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with regard to Plaintiff's employment were based solely upon legitimate non-discriminatory and non-retaliatory reasons and no unlawful factor motivated Defendants in any decision regarding Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have demonstrated an unequivocal commitment that discrimination, harassment, and retaliation will not be tolerated in the workplace and the demonstration of that policy commitment by consistent practice under the New Jersey Law Against Discrimination.

## FOURTEENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint constitute a frivolous claim, in whole or in part, pursuant to N.J.S.A. §2A:15-59.1 and Defendants reserve the right to make a claim for relief under this provision.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are vague and subjective and are therefore unconstitutional under the provisions of the New Jersey Constitution and United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants never engaged in any acts detrimental to Plaintiff which were wrongful, outrageous, intentional, malicious, or unjustified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FMLA status was not a factor in any Defendants' decisions regarding Plaintiff. Defendants' decisions were based on reasonable factors other than FMLA status. Defendants would have taken the same action that they did in the absence of any alleged impermissible factor.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief under Title VII for conduct occurring more than 300 days prior to Plaintiff's filing of a Charge with the EEOC, Plaintiff's claims are time-barred.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff did not engage in any activity which was either protected or could reasonably be viewed as protected as defined under New Jersey's Conscientious Employee Protection Act, N.J.S.A.: 34:19-1, et. seq ("CEPA") or any other law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et. seq. is barred because any alleged belief on Plaintiff's part that Answering Defendants violated federal and/or state law or public policy was not a reasonable one.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim under the New Jersey Conscientious Employee Protection Act., N.J.S.A. § 34:19-1, et seq., is barred because the matters that Plaintiff allegedly raised did not concern a matter of significant or sufficient public importance to invoke the protection of the statute.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet all conditions precedent required by the New Jersey Conscientious Employee Protection Act., N.J.S.A. § 34:19-1, et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Acts or omissions of Defendants were not the proximate cause of any damages sustained by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not experience any conduct that constitutes actionable retaliation as defined in the law, nor did she have or could she have had a good faith belief that she had been subjected to any such behavior.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any adverse employment action, if any, was the result of non-discriminatory and/or non-retaliatory reasons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred as a result of Plaintiffs' failure to comply with provisions of the New Jersey Conscientious Employee Protection Act., N.J.S.A. § 34:19-1, et seq. requiring

written notice to a supervisor and requiring the appropriate making of internal complaints to a supervisor.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants hereby plead any and all affirmative defenses available under the New Jersey Conscientious Employee Protection Act., N.J.S.A. § 34:19-1, et seq. and the New Jersey Law Against Discrimination.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual with a disability within the meaning of the New Jersey Law Against Discrimination or the Americans with Disability Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff did not request a reasonable accommodation.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants fully accommodated Plaintiff for any alleged disability.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants' actions were based on requirements that are job-related and consistent with business necessity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants and their employees, agents and representatives, at all times, acted in full conformity with all applicable federal and state statutes and regulations and exercised reasonable care in connection with Plaintiff's employment.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants cannot be vicariously liable for harassment or discriminatory treatment of its agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply

with laws against harassment and discrimination, including but not limited to, Title VII, and Plaintiff never complained to Defendants of any harassment or discriminatory conduct, as that term is legally defined, based on sex, national origin, religion, or otherwise.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Defendants by reason of her failure to take advantage of preventative and corrective opportunities provided by Defendants or to otherwise avoid harm as embodied in the Faragher/Ellerth doctrine.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for conduct not including in the Charge filed with the EEOC, Plaintiff's claims are barred for failure to exhaust administrative remedies.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by CEPA's election of remedies provision.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants are not liable under the New Jersey Law Against Discrimination as they did not knowingly permit a hostile work environment to exist or implicitly condone harassing or discriminatory behavior.

### FORTIETH AFFIRMATIVE DEFENSE

Defendants did not interfere with or retaliate against Plaintiff in violation of the Family and Medical Leave Act.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Without conceding that Plaintiff ever requested any accommodation, which is expressly denied, Defendants could not provide any accommodation without undue hardship.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged health condition does not meet the criteria for a serious health condition as defined by the FMLA.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff was not a covered employee under the FMLA or was not otherwise eligible for FMLA leave.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff was never denied any FMLA leave to which she was otherwise entitled.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not prejudiced by any alleged FMLA leave violation.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Goldcrest was not Plaintiff's employer.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants, some or all of them, are not a covered employer for purposes of the FMLA.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants were not a joint employer.

## RESERVATION OF DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available.  Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## **<u>JURY DEMAND</u>**

Defendants hereby demand trial by jury as to all issues triable.


BY: _/s/ Jacqueline Voronov_
Jacqueline Voronov, Esq.
15 East Midland Avenue, Suite 3A
Paramus, NJ 07652
(Tel.) (201) 614-6350
(Fax) (201) 730-6254
jvoronov@hallboothsmith.com
_Attorneys for Defendants_

Dated:  August 10, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August 2023, a true and correct copy of the foregoing document was filed electronically with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system upon all parties accepting electronic service, including those listed below.  Parties may also access this filing through the Court's CM/ECF system.

Ari Karpf, Esq.
Timothy Seiler, Esq.
Karpf, Karpf, & Cerutti, P.C.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
*Attorneys for Plaintiff, Kristyl Miller*

BY: */s/ Jacqueline Voronov*
     Jacqueline Voronov, Esq.
     HALL BOOTH SMITH, P.C.
     15 East Midland Avenue, Suite 3A
     Paramus, New Jersey 07652
     (201) 614-6350 phone
     (201) 730-6254 fax
     JVoronov@hallboothsmith.com
     *Attorneys for Defendants*